# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

RICHARD SELENSKE,

    Appellant,

  v.          Case No. 14-C-473

ESTATE OF LOUISE SELENSKE,

    Appellee.

## ORDER AFFIRMING BANKRUPTCY COURT

    Richard Selenske appeals the decision of the bankruptcy court lifting the automatic stay.[1] The appellee has filed a brief detailing the lengthy history of litigation between Richard Selenske and the estate of Louise Selenske, his mother. This includes Selenske's filing of three bankruptcy actions and nine appeals in state court. In any event, Selenske alleges that the co-personal representatives of the estate of his mother are misappropriating funds and / or property in connection with the estate. He appears to have filed this bankruptcy proceeding with the sole purpose of obtaining a stay, which has restricted the estate's ability to wrap things up, e.g., by selling property.

    In his bankruptcy hearing, the appellant argued that injustice was being done and that he wanted the stay to continue in effect until the estate made a full accounting. (ECF No. 1-1 at 35.) But Judge Susan Kelley explained to Selenske that the role of a bankruptcy court was not to issue

---

  [1] Bankruptcy court orders lifting an automatic stay are final for purposes of appealability. *In re Quigley Co., Inc.,* 676 F.3d 45, 51 (2d Cir. 2012).

stays simply because a debtor filed for bankruptcy. "[M]y problem with it is that the Bankruptcy Court doesn't have the jurisdiction to be interfering in the State Court probate proceeding. It's a State Court proceeding. The law says that's the Court that is in charge of this and just because one of the parties to that files bankruptcy does not mean that now the Bankruptcy Court becomes in charge of it." (ECF No. 1-1 at 36.) During the hearing, Selenske never explained why a bankruptcy court should continue a stay simply because he alleged misconduct with respect to probate proceedings that were ongoing in state court. Similarly, in his briefing to this Court, he has not explained why the bankruptcy court erred, except for the fact that it did not do something that he wanted it to do. He continues to ask that a federal court "assume jurisdiction" over his mother's estate, and the brief is replete with a series of arguments about the proper division of that estate, as well as arguments contesting the merits in other state court proceedings, including a state court finding that he had exercised undue influence over his mother. There is nothing about bankruptcy here except that the appellant wants the federal courts to continue a stay so that the estate cannot be wrapped up.

In short, the bankruptcy court correctly concluded that there was no reason not to lift the stay. The decision of that court is therefore affirmed.

**SO ORDERED** this 15th day of September, 2014.


　　　　　　　　　　　　　　　 /s William C. Griesbach
　　　　　　　　　　　　　　　William C. Griesbach
　　　　　　　　　　　　　　　United States District Judge